## Snyder's Estate (No. 1).

*Decedent's estates—Costs—Contest between widows—Discretion.*

In the absence of any evidence of abuse of discretion, the appellate court will not reverse an order of the orphans' court imposing upon the personal estate of a decedent the costs of a contest between two persons claiming to be the widow of decedent.

*Practice, O. C.—Bill of review—Counsel fees.*

Where the account of an administrator including items of payment to counsel has been confirmed, and the account is subsequently opened on a bill of review which contains no objection to the items of counsel fees, the

court has no jurisdiction to cut down the counsel fees claimed in the account as originally confirmed.

Under the Act of October 13, 1840, P. L. 1841, p. 1, relating to a bill of review, the errors in the account to which objection is made, must be set forth in the petition.

Argued Nov. 2, 1901.    Appeal, No. 148, Oct. T., 1901, by William E. Smith, administrator of Noah Snyder, deceased, from decree of O. C. Northumberland Co., on bill of review in the Estate of Noah Snyder, Deceased.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for bill of review.

The facts sufficiently appear by the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*H. M. Hinckley*, with him *Arthur L. Swartz*, for appellant.

*A. S. Hottenstein* and *W. M. Hahn*, for appellee, filed no printed brief.

OPINION BY WILLIAM W. PORTER, J., December 2, 1901 :

We are not disposed to disturb the decree of the court below imposing upon the personal estate, the costs accrued in the contest between the two persons claiming the rights of the widow of the decedent.    Heirs and creditors have made no objection. The administrator alone has appealed.    As the evidence has not been furnished to us we are ignorant of the course of the controversy (in which the costs accrued) save as indicated by the decree.    Under the circumstances we find no abuse of the broad discretion lodged with the chancellor in the matter of the adjustment of costs.

The administrator further complains of the order surcharging him with $40.00 overpayment of fees to counsel.    Counsel fees are also matters largely in the discretion of the orphans' court and in which we seldom interfere.    In this case, however, a mistake has been made.    The accounts of the administrator, including items of payment to counsel, were confirmed.    The

court opened the confirmation on petition for review.    The Act of October 13, 1840, P. L. 1841, p. 1, requires that in such a petition the errors in the accounts to which objection is made, shall be specifically set forth and that the court shall grant a rehearing on these errors.    It has been repeatedly held that with these provisions there must be strict compliance.    The petition for review contains no objection to the items of counsel fees. No objection has yet been made to them by widow, heirs or creditors.    The court directed the surcharge because as he says the fees exceeded those indicated by the fee bill.    No proof was made of the character and amount of the services.    No opportunity was ever given to justify the charges.    The reference to the fee bill does not sustain the decree, since the fee bill exhibited to us practically fixes only minimun fees.    In view of the peculiar circumstances of this case, we must modify the order as to the surcharge.    And now                it is ordered that the surcharge of $40.00 be stricken off; that the items respecting counsel fees as they appear in the accounts filed, be confirmed; that, as thus amended, the decree of the court below be affirmed, and that the record be remitted in order that this decree may be carried into effect.